IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA IRVIN, LAWRENCE CAMERON, ANTONIO JIMENEZ, and CHERISE FUNCHES,<br><br>  Plaintiffs,<br>  v.<br><br>NATIONWIDE CREDIT & COLLECTION, INC.,<br>  Defendant. | Case No. 18-cv-02945<br><br>District Judge: Robert W. Gettleman<br><br>Magistrate Judge: Jeffrey T. Gilbert |

## MOTION FOR RELIEF UNDER 15 U.S.C. § 1692K(A)(3)

Defendant, NATIONWIDE CREDIT & COLLECTION, INC. (hereinafter, "NCC"), by and through its attorneys, David M. Schultz and Brandon S. Stein of Hinshaw & Culbertson LLP, hereby moves, pursuant to 15 U.S.C. § 1692k(a)(3), for a finding that this case was brought in bad faith and for the purpose of harassment, and for an award of reasonable attorneys' fees to be paid by Plaintiffs' Counsel. In support thereof, NCC states as follows:

## INTRODUCTION

This case is an unfortunate example of attorneys, despite repeated warnings, acting in bad faith. The conduct was at the expense of others, including the Court. The facts of this case are disturbing, and the Court should send a message to curb this practice.

## LEGAL STANDARD

The FDCPA permits an award of attorneys' fees to a defendant when the court determines that an action was brought in bad faith and for the purpose of harassment. 15 U.S.C. § 1692k(a)(3). The standard for finding bad faith under the FDCPA is objective. *Dean v. Monslow*, 2005 U.S. Dist. LEXIS 25604, *8 (D. Kan. Oct. 27, 2005). A court may consider litigation tactics, as well as conduct in other cases when deciding to award attorneys' fees under § 1692k(a)(3). *Bernegger v. Gray & Assocs. LLP*, 2009 U.S. Dist. LEXIS 89207, *50-51 (E.D. Wis. Sept. 24, 2009).

1

**ARGUMENT**

I. **NCC SHOULD BE AWARDED ITS ATTORNEYS' FEES FOR DEFENDING THIS LAWSUIT BECAUSE PLAINTIFFS' COUNSEL ACTED IN BAD FAITH BY MANUFACTURING IT.**

Plaintiffs' Counsel brought this lawsuit in bad faith as a part of a practice of manufacturing cases against debt collectors. The attorneys have been repeatedly warned about this practice, but have not heeded the warnings. This Court should determine that Counsel's manufacturing of these lawsuits was done in bad faith and to harass, and award NCC its attorneys' fees for having to defend against this abuse of the court system.

The Court thoroughly summarized the facts of this case in its order granting summary judgment to NCC. Dkt. #58. Particularly relevant is how Counsel knew NCC's proper fax number for disputes and had successfully used it on behalf of many clients, many times. However, they took to the internet to find a different fax number that they apparently hoped would result in NCC not catching the faxes so they could file lawsuits. *Id.* at P. 2. Plaintiffs' Counsel looked on the website of a trade group whom they are not affiliated with and whose purpose is to help its members (who Plaintiffs' Counsel sue hundreds of times each year). The Court rightly explained that Plaintiffs' attorneys used this number "for the purpose of manufacturing a lawsuit." *Id.* at P. 8.

This practice is an abuse of the courts, done to harass debt collectors into paying attorneys fees. Plaintiffs' Counsel were warned, and this case was "not the first time these lawyers have attempted this sort of stunt." *Id.* at P. 8. In *Wise v. Credit Control Services, Inc.*, 2018 U.S. Dist. LEXIS 179548, *19-20 (N.D. Ill. Oct. 19, 2018), Judge Alonso called Counsel for creating the harm that they complained about through a lawsuit. This Court noted that courts in Texas have also issued warnings. Dkt. #58, P. 8. *citing Ozmun v. Portfolio Recovery Assocs., LLC*, 2019 U.S. Dist. LEXIS 54454 (W.D. Tex. March 29, 2019). *See also Tejero v. Portfolio Recovery Assocs. LLC*, 2018 U.S. Dist. LEXIS

56236 (W.D. Tex. April 2, 2018). This Court, then, like others, took the rare step of "warn[ing] counsel to be more careful in the manner in which they conduct their practice." Dkt. #58, P. 8.

In *Duarte v. Midland Funding, LLC*, 2019 U.S. Dist. LEXIS 31983, *17-18 (N.D. Ill. Feb. 27, 2019), which this Court also cited, Judge Ellis explained that she "[did] not condone the actions of Duarte and her counsel and…expects counsel to be more judicious in its pursuit of new FDCPA claims in the future." Judge Ellis did not impose sanctions, but cited cases that said that continuation of the same tactics could result in a different outcome in the future. *Id.* at *18. Judge Ellis' observation in *Duarte* that sanctions might be appropriate in the future if the conduct continues is telling. Plaintiffs' Counsel, despite being warned, have not changed their approach.

The FDCPA "does not arm [consumers] with the power to cause FDCPA violations." *Lauer v. Credit Control Servs.*, 2015 U.S. Dist. LEXIS 137011, *18-19 (D. Utah. Oct. 7, 2015). The federal courts are not the venue to manufacture fake wrongs to recover attorneys' fees; they were established to allow for "efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885 (2016). The courts are hampered in carrying out their mission when they are forced to oversee manufactured litigation, or "stunt[s]" created by attorneys who sue under fee-shifting statutes "for their own selfish ends" to force debt collectors into paying them attorneys' fees. Dkt. #58, P. 8; *Spegon v. Catholic Bishop*, 989 F. Supp. 984, 987 (N.D. Ill. 1998) *aff'd* 175 F.3d 544 (7th Cir. 1999).

The FDCPA, enacted to prevent the abuse of consumers, recognized in 15 U.S.C. § 1692k(a)(3) that the law "can be abused just as easily by attorneys." *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F. 3d 384, 388 (7th Cir. 1998). That section provides courts with a mechanism to ensure that there are consequences when this occurs. This Court should find that Plaintiffs' Counsel brought this case in bad faith and to harass another debt collector into paying them fees. *See Ozmun*, 2019 U.S. Dist. LEXIS 54454 at *8(evidence that "Plaintiff's attorneys are involved in a scheme to force settlements from debt collectors by abusing the FDCPA."); *Tejero*, 2018 U.S. Dist. LEXIS 56236

("facing the high costs of discovery and trial, the debt collector settles the lawsuit, paying the debtor's attorneys' fees.") Counsel's actions have caused considerable costs, yet again, to both NCC, and the Court. They should be held responsible for the costs that this Court concluded that they created. Dkt. #58, P. 8.

## **CONCLUSION**

This case is an example of attorneys going to any length "to grasp the brass ring of attorneys' fees that are awardable to successful plaintiffs under the [FDCPA]." *Rodriguez v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 2009 U.S. Dist. LEXIS 23044, *2 (N.D. Ill. March 10, 2009). Plaintiffs' Counsel have been warned, and warned, and warned, to stop engaging in this type of behavior. Counsel have not heeded the unsolicited advice that federal district court judges have given them. This Court should award NCC its attorneys' fees for having to defend this case, to attempt to end this practice by Plaintiff's Counsel.[1] While earnest warnings from federal judges have unfortunately not accomplished deterrence, perhaps the imposition of financial penalties will.

Respectfully submitted,

NATIONWIDE CREDIT AND
COLLECTION, INC., Defendant

*/s/ Brandon S. Stein*
Brandon S. Stein

David M. Schultz
Brandon S. Stein
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel:    312-704-3000
Email: dschultz@hinshawlaw.com
           bstein@hinshawlaw.com

---

[1] Should the Court grant this Motion, NCC can submit a supplement outlining the fees that it incurred in defending this case. Or, should the Court prefer, NCC can supplement this Motion with that information now.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2019, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, the foregoing **Motion For Relief Under 15 U.S.C. § 1692K(A)(3)** by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record listed below:

*/s/ Brandon S. Stein*