UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA IRVIN, LAWRENCE CAMERON, ANTONIO JIMENEZ, and CHERISE FUNCHES, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 18-cv-2945 |
| v. | )<br>) Hon. Robert W. Gettleman |
| NATIONWIDE CREDIT & COLLECTION, INC., | )<br>)<br>) |
| Defendant. | ) |

**RESPONSE IN OPPOSITION BY PLAINTIFFS'
COUNSEL TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

Plaintiffs' counsel, Community Lawyers Group, Ltd. now known as Community Lawyers, LLC, Celetha Chatman, and Michael Wood ("Plaintiffs' Counsel"), by and through undersigned counsel, submit this response in opposition to Defendant's motion for attorneys' fees:

**INTRODUCTION**

By its motion Defendant seeks to improperly wield Section 1692k(a)(3) as a cudgel and deterrent against consumer plaintiff's attorneys. They seek not just to punish Plaintiffs' Counsel, but to deter all consumer plaintiff's attorneys from pursuing valid FDCPA claims. But Defendant's chosen tool for this clap-back—Section 1692k(a)(3)—does not authorize fees or sanctions to be assessed against attorneys. Defendant's strategy is an obvious ploy to bypass and subvert the strictures and procedural hurdles of Rule 11. This Court should not allow this type of procedural gamesmanship. Further, there is no evidence whatsoever that Plaintiffs' claims were made in bad faith. Quite the opposite—the claims were clearly in line with controlling Seventh Circuit precedent. Even though Plaintiffs did not ultimately prevail, the backdrop of controlling

1

case law provided a solid foundation for Plaintiffs' claims. The Court cannot find bad faith by Plaintiffs' Counsel under these circumstances.

## ARGUMENT

I. **Section 1692k(a)(3) does not apply to the alleged bad faith of counsel and does not allow fee awards to be assessed against counsel**

Section 1692k(a)(3) does not authorize a fee award to be assessed against counsel and any fee awards thereunder cannot be based on the alleged bad faith of counsel. This provision was designed to deter bad-faith conduct by plaintiffs seeking to abuse and harass debt collectors. It is not a mechanism for debt collectors to punish plaintiff's counsel.

The Ninth Circuit addressed this precise question in *Hyde v. Midland Credit Mgmt., Inc.*, 567 F.3d 1137 (9th Cir. 2009), overturning the district court's award of attorney's fees against plaintiff's counsel under Section 1692k(a)(3). The court first noted that Section 1692k(a)(3) "nowhere specifically authorizes an award against an 'attorney.'" *Id.* at 1141. The court further explained that, "[b]ased on the text and legislative history of § 1692k(a)(3) . . . and on the presumption against awarding attorney's fees against attorneys, we believe that the better analysis of § 1692k(a)(3) is that it authorizes attorney's fees and costs only against the offending plaintiff or plaintiffs." *Id.*

District courts in the Second Circuit, the Sixth Circuit, and the Eleventh Circuit have all followed or cited favorably to the Ninth Circuit's ruling in *Hyde*. *See Moore v. Diversified Collection Servs.*, 2009 U.S. Dist. LEXIS 54798, at *16 (E.D.N.Y. June 29, 2009) (following *Hyde* and holding that bad faith must come from the plaintiff, not her counsel); *O'Rourke v. Am. Express Co.*, 2011 U.S. Dist. LEXIS 119026, at n. 2 (E.D. Mich. Sept. 8, 2011) (denying a defendant's motion for fees under Rule 54(d) and citing favorably to *Hyde*); *Williams v. Greenpoint Mortg. Funding, Inc.*, 2017 U.S. Dist. LEXIS 220452, at n. 5 (N.D. Ga. July 28,

2017) (citing *Hyde* and *Moore* and requesting any authority showing that counsel can be liable for fees under Section 1692k(a)(3)).

Other courts reviewing this issue have reached the same conclusion—Section 1692k(a)(3) does not authorize fees against plaintiff's counsel. *See, e.g., Chavez v. Northland Group*, CV-09-2521, 2011 U.S. Dist. LEXIS 10113, *13 (D. Az. Feb. 1, 2011) ("To the extent that Defendant relies on § 1692k(a)(3) to recover attorney's fees and costs from Plaintiff's counsel . . . Defendant's claim fails because §1692k(a)(3) does not authorize the award of such expenses against Plaintiff's counsel."). Courts have also consistently held that the alleged bad-faith conduct must come from the plaintiff herself, not from her counsel. *Puglisi v. Debt Recovery Solutions, LLC*, 822 F. Supp. 2d 218, 233 (E.D.N.Y. 2011) ("'Defendant must provide evidence of plaintiff's bad faith (as opposed to counsel's bad faith).'" (quoting *Hasbrouck v. Arrow Fin. Servs. LLC*, Case No. 1:09-CV-748, 2011 U.S. Dist. LEXIS 53928, *20 (N.D.N.Y. May 19, 2011))); *Conner v. BCC Fin. Mgmt. Servs.*, 597 F. Supp. 2d 1299, 1309 (S.D. Fla. 2008) (denying fees to defendant under § 1692k(a)(3) because "Defendant has not demonstrated that Plaintiff herself brought the action in bad faith to harass"); *see also Kahen-Kashani v. Nat'l Action Fin. Servs.*, Case No. 03CV828, 2004 U.S. Dist. LEXIS 28420, *22 (W.D.N.Y. Apr. 12, 2004) (same); *Bukhbinoler v. Stoneleigh Recovery Assocs., LLC*, Case NO. 16 CV 6140, 2018 U.S. Dist. LEXIS 15084, *14 (E.D.N.Y. Jan. 29, 2018) (citing *Kahen-Kashani* re same); *Spira v. Ashwood Fin., Inc.* 358 F. Supp. 2d 150, 161 (E.D.N.Y. 2005) (same).

This limitation makes sense. As discussed further below, Congress has established specific means for sanctioning attorneys for alleged bad-faith conduct in litigation. Moreover, Section 1692k(a)(3) applies only to an FDCPA claim that "was brought" in bad faith and for harassment purposes. 15 U.S.C. § 1692k(a)(3). Plaintiffs' Counsel did not bring the action,

3

Plaintiffs did. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371 (2013) (concluding that "[t]he second sentence of §1692k(a)(3) . . . provides that *plaintiffs* who bring an action in bad faith and for the purpose of harassment may be liable for the defendant's fees and costs." *Id.* at 383 (emphasis added)). Thus, by its very terms, Section 1692k(a)(3) targets only the bad faith of a plaintiff, not her counsel.

Other than two Texas cases presently on appeal (*Tejero* and *Ozmun*, each discussed further below), there is no authority supporting Defendant's suggestion that Section 1692k(a)(3) sanctions can be assessed against attorneys or be based on alleged attorney misconduct. *See Hyde*, at 1141 (explaining that *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999), and *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393 (S.D.N.Y. 1999), do not actually support awarding fees against plaintiff's counsel under Section 1692k(a)(3)).

At bottom, Section 1692k(a)(3) was not designed to punish Plaintiffs' Counsel. This would work against legislative intent of creating "a 'private attorney general' approach to . . . enforcement of the FDCPA." *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995) (superseded by statute on unrelated grounds).

**II.   Defendant aims to improperly subvert and bypass the procedural requirements for sanctions under Rule 11**

Section 1692k(a)(3) is not the proper vehicle for sanctioning counsel for their alleged bad faith. Congress has provided a specific tool for sanctions against counsel for alleged litigation misconduct: Rule 11. This Rule expressly target attorneys for alleged bad-faith conduct. *See* Rule 11(c) ("Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that [Rule 11(b)] has been violated, the court may . . . impose an appropriate sanction upon the *attorneys, law firms*, or parties that have violated [Rule 11(b)] or are responsible for the violation.")

4

Rule 11 requires the party seeking sanctions to provide a "safe harbor" to counsel wherein counsel has 21 days to correct the alleged bad-faith filing. Rule 11(c)(2). The Seventh Circuit has explained this safe harbor provision "is not merely an empty formality." *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1027 (7th Cir. 1999). The Advisory Committee Notes from the 1993 amendments to Rule 11 emphasize the importance of notice and a safe harbor, stating as follows:

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.

Notes of Advisory Committee on Rules – 1993 Amendment, at ¶21. By filing their motion under Section 1692k(a)(3), Defendant seeks to bypass these procedural protections that Congress designed specifically for sanctions against attorneys. This Court should not allow Defendant to subvert Congress' clear intention of imposing procedural hurdles and safe-harbor mechanisms to govern the extreme step of sanctioning attorneys.

### III. There is no evidence that this case was brought in bad faith or for a harassment purpose

Even if the Court did allow Defendant to side-step the procedural steps mandated by Rule 11, sanctions would still be improper. Plaintiffs' Counsel did not bring this case in bad faith or for the purposes of harassment. The record here is clear: Plaintiffs' Counsel sent a fax to Defendant on Plaintiff's behalf to a publicly available fax number for Defendant, and to a fax machine located in Defendant's office. *See* [Docket No. 48] at ¶¶61-62, 66-69. Plaintiffs' Counsel had no way of knowing that this number was inactive, had no way of knowing that the 800 number was Defendant's exclusive means for receiving disputes, and had no reason to believe that using a publicly available fax number was improper in any way. The faxes went

5

through without any error messages, [Docket No. 48] at ¶¶61-62. It was therefore entirely plausible and proper to allege that Defendant had received the fax and knew about Plaintiffs' disputes, and that Defendant had failed to properly report the disputes to the credit bureaus.

The Seventh Circuit confirmed the propriety of claims with nearly identical facts in *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337 (7th Cir. 2018). There, the court reviewed decisions entered against a debt collector in four separate district court cases. *Id.* at 342. In each case, a consumer's attorney had sent letters not to the debt collector's special disputes department, but instead to the debt collector's general counsel. *Id.* at 343. The letters were nearly identical to the letters at issue here. *Id.* at 342-43. There, like here, the debt collector argued that the letters were "a sham, designed to created liability where no harm to a consumer is threatened." *Id.* at 346.

The Seventh Circuit rejected this argument as to all four cases and affirmed the district courts' rulings in favor of plaintiffs. In so ruling, the court explained that "the 'knows or should know' standard of § 1692e(8) 'requires no notification by the consumer ... and instead, depends solely on the debt collector's knowledge that a debt is disputed, **regardless of how that knowledge is acquired.**'" *Id.* at 347 (emphasis added) (quoting *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64, 67 (1st Cir. 1998)); *see also Sayles v. Advanced Recovery Sys.*, 865 F.3d 246, 249-50 (5th Cir. 2017) (same).

The *Evans* court further ruled that "**it is irrelevant that the [consumers' attorneys] sent the Letters to [the debt collector's] general counsel rather than the special disputes department.**" *Id.* at 347 (emphasis added). The same holds true in this case. It is completely irrelevant that Plaintiffs' disputes were sent to Defendant's fax number published on the ACA website, as opposed to a fax number posted elsewhere. This is because the violation of Section

6

1692e(8) arises from **Defendant's** misconduct—failing to report a dispute despite having actual or constructive knowledge of it. That the Court determined there was an evidentiary issue regarding Defendant's knowledge does not make the claim frivolous. Nor does the existence of an affirmative defense transform the claim into bad-faith litigation. Indeed, even if the Court believes that Plaintiffs' Counsel "manufactured" the lawsuit by sending the dispute to a publicly available fax number for Defendant—the resulting claim is still valid. The *Evans* case makes this abundantly clear. *Evans*, 889 F.3d at 347.

The various cases cited by Defendant do not support their allegations of bad faith or a harassment purpose. In *Duarte v. Midland Funding, LLC*, U.S. Dist. LEXIS 31983 (N.D. Ill. Feb. 27, 2019), Judge Ellis ruled that "Duarte's counsel had a reasonable basis for bringing and continuing to pursue the FDCPA claim, with certain issues surrounding that claim apparently undecided or subject to conflicting interpretations by courts across the country." *Id.* at *16. Further, Judge Ellis pushed back against the notion that filing an FDPCA claim in the hope of earning a fee is somehow improper, explaining that "[a]n animating purpose behind the suit may have been to obtain damages and attorneys' fees, but 'it is not improper to file a non-frivolous claim in the hope of getting paid.'" *Id.* at 17 (quoting *Vollmer v. Selden*, 350 F.3d 656, 660 (7th Cir. 2003)).

The ruling in *Wise v. Credit Control Servs.*, 2018 U.S. Dist. LEXIS 179548 (N.D. Ill. Oct. 19, 2018), is largely undercut in by the Seventh Circuit's ruling in the *Evans* case. Again, the Seventh Circuit in *Evans* which expressly rejected the notion that disputes must be sent to a specific number, division, or person to be valid. It is unclear how the *Wise* decision gave Plaintiffs' Counsel any indication that the claims in this case were frivolous or problematic, especially given the higher-court precedent in *Evans*.

The other two cited cases—*Tejero v. Portfolio Recovery Assocs. LLC*, 2018 U.S. Dist. LEXIS 56236 (W.D. Tex. Apr. 2, 2018) and *Ozmun v. Portfolio Recovery Assocs., LLC*, 2019 U.S. Dist. LEXIS 54454 (W.D. Tex. March 29, 2019)—are both on appeal to the Fifth Circuit. The *Ozmun* case is still in briefing, but the court held oral argument in *Tejero* on November 6, 2019.[1] At the oral argument, the Fifth Circuit expressed clear disagreement with the notion that Plaintiffs' Counsel had brought the subject claims in bad faith and for harassment purposes, noting that the claims appeared valid on their face:

> Judge Oldham: I mean, I understand the complaints with the statute. And as Judge Elrod points out, we're not at liberty to rewrite it. We take the text as we've got it. And it strikes me as a very difficult argument to say that it's in bad faith if the debtor sends a letter that says, "I dispute this amount. You're not sending –" That didn't use the word dispute. "You're not reporting the right number. And I will not pay it."
>
> And then it's reported as an undisputed debt anyway. I mean, it seems to violate the statute . . . .

(Ex. A, p. 12)

\*\*\*

> Judge Elrod: Why is the position wrong? . . . . You can go into many jurisdictions around the country, including this same jurisdiction, and recover and get good fees. Why is it wrong? I mean, it may be unseemly to some people, but if it's legally allowable, why is it wrong such that you should be threatened to keep these suits away when other courts are awarding big judgments in them?

(Ex. A, p. 14).

\*\*\*

> Judge Oldham: But this same letter that was sent to your client in this case has been used in several other cases that did not find it to be intentionally

---

[1] The recording of the oral argument can be found at http://www.ca5.uscourts.gov/OralArgRecordings/18/18-50661_11-6-2019.mp3 (last accessed November 29, 2019). A copy of a transcript of the oral argument prepared by a professional transcription service using the public recording is attached for the Court's convenience as **Exhibit A**.

> misleading, or creating a technical violation, or sent in bad faith. There's a whole series of these cases where – some in the Western District, others other places – where, as far as I can tell, Judge Sparks is the first judge to have looked at this and said, I think this is an intent to create, as in your words, a technical violation.
>
> In fact, there was one case that was seven months earlier than this one, from the same – the Western District of Texas, involving virtually the same letter, where, right. So, I'm not sure how we – It just seems like a high legal standard and the same letter being treated in disparate ways. It's, to Judge Elrod's question, it seems – It's hard to – I don't understand how you fault the plaintiff's counsel for doing what these courts are saying can be done.

(Ex. A, p. 15).

\*\*\*

Judge Elrod: Okay. But that's what – okay. At the very least we can say that the issue is unsettled. All of these issues are unsettled, aren't they? From your perspective, even? . . . . Yeah. But, I mean, to the extent that you were saying that it's wrong to do this, that's unsettled. There's no clear – . . . . – precedent that that is wrong to do this.

(Ex. A, p. 17).

The Fifth Circuit's statements show a sharp disagreement with the bad-faith finding made by the district court in *Tejero*. Their comments also demonstrate that Plaintiffs' Counsel did not act in bad faith by filing lawsuits that were similar to other lawsuits that had achieved success in various jurisdictions.

Regardless, however, Defendant has pointed to no authority supporting the notion that sending a dispute letter to a debt collector's publicly available fax number merits a sanction for bad-faith conduct. The *Evans* case stands for the precise opposite proposition—that any notice of a dispute, regardless of where within a debt collector's bureaucracy the document is sent, triggers a debt collector's obligation to report the dispute. Plaintiffs' claims were plausible and based on a good-faith interpretation of the prevailing law and the available facts. A sanction under Section 1692k(a)(3) is thus inappropriate and Defendant's motion should be denied.

9

Respectfully submitted,

/s/ *Daniel Brown*
Daniel Brown (ARDC # 6299184)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
(773) 453-7410
daniel@mainstreetattorney.com

*Attorney for Community Lawyers Group, Ltd., Celetha Chatman, and Michael Wood*

## CERTIFICATE OF SERVICE

I, Daniel Brown, an attorney, hereby certify that on November 29, 2019, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: November 29, 2019**　　　　　　　　　　　　　　　　　Respectfully submitted,

By:　/s/ *Daniel Brown*