IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA IRVIN, LAWRENCE CAMERON, ANTONIO JIMENEZ, and CHERISE FUNCHES, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONWIDE CREDIT AND COLLECTION, INC., <br><br> Defendant. | Case No. 18 C 2945 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

On September 17, 2019, this court issued a memorandum opinion and order granting defendant's motion for summary judgment in this FDCPA case. See Irvin v. Nationwide Credit and Collection, Inc., 2019 WL 4450503, *4 (N.D. Ill.) In issuing that order, the court noted:

> In the instant case, it appears to this court that plaintiffs' attorneys' actions were designed to avoid defendant's procedures reasonably adapted to avoid errors, for the purpose of manufacturing a lawsuit. Despite knowing of the fax number to use, these attorneys intentionally sought out an alternate number. And, this is not the first time these lawyers have attempted this sort of stunt. They made the same "error" in Wise, and Duarte v. Midland Funding LLC, 2019 WL 978495 (N.D. Ill. Feb. 27, 2019), in which Judge Ellis stated "[t]he Court does not condone the actions of Duarte and her counsel and it expects counsel to be more judicious in its pursuit of new FDCPA claims in the future." Again, in Ozmun v. Portfolio Recovery Assocs., LLC, 2019 WL 1430006, *6 (W.D. Tex. Mar. 29, 2019), the court, in assessing attorneys' fees against these same attorneys, stated that there was evidence that "Chatman and Wood are part of a cottage industry of litigants who seek to manufacture lawsuits under the FDCPA in order to secure attorney's fees." (Based on a misleadingly worded dispute letter). Like Judge Ellis, this court does not condone counsels' actions and warns counsel to be more careful in the manner in which they conduct their practice.

Defendant Nationwide Credit and Collection, Inc., has now moved for an award of attorneys' fees against plaintiff's counsel, Celetha Chatman and Michael Wood, pursuant to 15

U.S.C. § 1692(k)(a)(3) (the "fee shifting statute"), which provides: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendants attorney's fees reasonable in relation to the work expended and costs."

In response, plaintiffs' counsel, relying principally on Hyde v. Midland Credit Mgnt., Inc., 567 F.3d 1137, 1141 (9th Cir. 2009), for the proposition that the fee shifting statute does not authorize an award against an attorney. In response, defendant cites Chaudhry v. Gallerizzo, 174 F.3d 394, 410-11 (4th Cir. 1999), which it claims authorized attorney's fees under the fee shifting statute. Chaudhry, however, dealt with a claim for fees under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, as well as the FDCPA fee shifting statute. Apparently, the Seventh Circuit has not weighed in on this subject.

Plaintiffs' counsel also argue that their conduct was not so egregious as to justify a finding of "bad faith and . . . harassment." The finding by this court in granting defendant's motion for summary judgment, however, contradicts that argument.

Given the uncertain authority to award fees against plaintiffs' counsel under the fee shifting statute in question, the court is reluctant to grant defendant's motion. Had defendant based its motion on Rule 11 (and properly complied with the procedures demanded by that Rule), 28 U.S.C. § 1927, or the inherent authority of the court[1], the court would have been less

---

[1] In its reply brief, defendant for the first time raised the court's inherent authority to impose sanctions on lawyers found to have committed professional misconduct, citing Ramirez v. T&H Lamont, Inc., 845 F.3d 772, 776 (7th Cir. 2016). It is axiomatic, however, that "arguments raised for the first time in the reply brief are waived." Mendez v. Perla Dental, 646 F.3d 420, 423-24 (7th Cir. 2011).

reluctant to grant the motion. Defendant, however, based its motion strictly on the FDCPA fee shifting statute.

In the exercise of its discretion, therefore, the court denies defendant's motion for relief under 15 U.S.C. § 1692k(a)(3) (Doc. 63). Plaintiff's counsel, Celetha Chatman and Michael Wood, have been admonished and warned repeatedly by this and other courts in this and other districts concerning their misconduct in fabricating FDCPA cases for the purpose of collecting attorney's fees. Should that conduct occur in the future, this court will not hesitate to impose severe sanctions on these lawyers.

**ENTER:** **January 21, 2020**

Robert W. Gettleman
United States District Judge